**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| LATONYA KIMBLE ) | |
| 106 Morning Mdw Circle W ) | |
| Monroe, LA 71292 ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| UNITED COLLECTION BUREAU, INC., ) | |
| 5620 Southwyck Boulevard ) | |
| Toledo, OH 43614 ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, LATONYA KIMBLE ("Plaintiff"), through her attorney, Jack S. Malkin, Esq., alleges the following against Defendant, UNITED COLLECTION BUREAU, INC., ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

5. Plaintiff is a natural person residing in Monroe, Ouachita Parish, Louisiana.
6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).
7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).
8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).
9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.
10. Defendant is a national collection agency with a business office in Toledo, Lucas County, Ohio.
11. Defendant is a business entity engaged in the collection of debt within the State of Ohio.
12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.
13. When an unpaid, outstanding account is placed with Defendant it is assigned a reference number.
14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.
15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.
16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff.
19. The alleged debt owed arises from transactions for personal, family, and household purposes.
20. On or around August 12, 2015, Defendant began calling Plaintiff on Plaintiff's cellular telephone at xxx-xxx-0480.
21. Defendant calls Plaintiff from 954-236-6069, which is one of Defendant's telephone numbers.
22. On or around August 12, 2015, Plaintiff answered one of Defendant's calls and spoke with one of Defendant's collectors.
23. During the aforementioned conversation, Plaintiff told Defendant's collector to stop calling.
24. Despite Plaintiff's request, Defendant continued to place calls to Plaintiff's cellular telephone.
25. Specifically, Defendant placed calls to Plaintiff at the following dates and times:
    a. August 13, 2015, at or around 10:03 a.m.
    b. August 19, 2015, at or around 6:06 p.m.
26. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

27. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

28. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to call Plaintiff after Plaintiff requested Defendant stop calling her; and

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to call Plaintiff after Plaintiff requested Defendant stop calling her.

WHEREFORE, Plaintiff, LATONYA KIMBLE, respectfully requests judgment be entered against Defendant, UNITED COLLECTION BUREAU, INC., for the following:

29. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

30. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

31. Any other relief that this Honorable Court deems appropriate.

[INTENTIONALLY LEFT BLANK]

RESPECTFULLY SUBMITTED,

March 15, 2016        By: /s/ Jack S. Malkin
                     Jack S. Malkin, Esq.
                     Ohio Bar Number: 0034018
                     20521 Chagrin Blvd., Suite E
                     Shaker Heights, OH 44122
                     Tel: 216-751-7708
                     jmalkin23@hotmail.com
                     Attorney for Plaintiff